# EXHIBIT A

```
                                                              FILED
                                                           OCT - 1 2007
                                                         RICHARD W. WIEKING
                                                       CLERK, U.S. DISTRICT COURT
                                                     NORTHERN DISTRICT OF CALIFORNIA
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EOWYN, CTS, DE LA VEGA, | No. C 07-03619 WHA |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| BUREAU OF DIPLOMATIC SECURITY, SAN FRANCISCO FIELD OFFICE, U.S. DEPARTMENT OF STATE | |
| Defendant. | ENTERED IN CIVIL DOCKET 10/01/07 |

Pro se plaintiff Eowyn, Cts. de la Vega seeks damages from the Bureau of Diplomatic Security, San Francisco Field Office, U.S. State Department ("BDS"), alleging that defendant "is responsible for grave bodily, emotional harm caused to me, by its failures to remedy (sp) Borden" (Notice of Rem. Exh. B at 2). This order DISMISSES this case on grounds of lack of subject matter jurisdiction and the failure to state a claim upon which relief can be granted.

Plaintiff filed the complaint in the Small Claims Division of the San Francisco Superior Court on June 4, 2007. When asked to provide a description of the case, plaintiff wrote: "violations of THE TREATY 9/9/1850 CALIF. REPUB. Signed: Diego de la Vega, known: ZORRO, have occurred PORTION to a BREAK.foam.JACTOS.(placebo) EXHIBIT monies issued 3/12/06 cost-co, SF CA. HAG 'the people lake' @ Arlington Residence 480 Ellis Street #254, SF CA ... a REAL + legacy of ZORRO: I am his heir: This bldg in processes of change in mgmt. The State of CALIF must remedy a BREAK, et al IMMED" (*id.* Exh. A at 5). Plaintiff

10

1  also delivered to defendant incomprehensible handwritten statements with drawings and symbols
2  (*id.* at 10–24). Aside from a four-page handwritten "letter regarding numerous issues from
3  Eowyn Cts. De la Vega" filed on July 27, 2007, which was equally perplexing and incoherent,
4  plaintiff has not produced any other supporting documents.

5      Despite an allegation of improper service under Federal Rule of Civil Procedure
6  4(i)(2)(B), the BDS removed the case on July 13, 2007. On July 17, 2007, the BDS moved for
7  dismissal with prejudice based on lack of subject-matter jurisdiction under FRCP 12(b)(1) and
8  for failure to state a claim under FRCP 12(b)(6). On July 24, 2007, the case was related to an
9  earlier case plaintiff had against the federal government, which the Court had already dismissed
10 with prejudice for lack of subject matter jurisdiction.

11     Pursuant to FRCP 12(b)(1), dismissal is appropriate when the Court lacks subject-matter
12 jurisdiction. The Court is presumed to lack subject-matter jurisdiction unless the contrary is
13 affirmatively demonstrated. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377
14 (1994). Read in plaintiff's favor, the complaint appears to allege various tort claims against the
15 BDS. "Federal agencies cannot be sued *eo nomine* unless so authorized by Congress in explicit
16 language." *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1188 (9th Cir. 1998)
17 (internal quotations omitted). Tort claims against the United States only arise under the Federal
18 Torts Claims Act, which provides a statutory waiver of sovereign immunity. 28 U.S.C. 1346(b).
19 Federal agencies are not proper defendants under the FTCA; actions should be filed against the
20 United States. 28 U.S.C. 1346(b), 2679(a). Although the judicial policy of treating pro se
21 litigants leniently suggests allowing leave to amend, even the substitution of the United States as
22 a defendant, would not cure the jurisdictional defects.

23     Section 2675(a) of the FTCA mandates that a claimant file a claim with the appropriate
24 agency before a claimant may file a civil action. In response to a small-claims form question
25 inquiring if plaintiff asked the defendants to pay her before filing suit, she checked the box
26 indicating "yes" and wrote "I HAVE BEEN IN-LENGTHY REVIEW [circled] @ Bureau
27 Diplomatic Security AS REGARDS.CLOAK.ADOPT.JACTOS. KLEID" (Notice of Rem. Exh.
28

2

B at 3). Plaintiff then checked the "no" box indicating that she was not suing a public entity, and she wrote "KLEID" next to the "no" box (*id.*). Failure to exhaust administrative remedies prior to filing a civil action results in a lack of subject-matter jurisdiction by the district court. *See Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 743 (9th Cir. 1991). Since plaintiff does not allege filing a written claim with the BDS, a public entity, she apparently has not met the exhaustion requirement. Because plaintiff has failed to exhaust her administrative claims, the Court lacks subject-matter jurisdiction.

Even if plaintiff had exhausted her administrative claims, dismissal would still be proper if plaintiff failed to state a claim under Rule 12(b)(6). A dismissal is appropriate where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In resolving a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ions. Co.*, 80 F.3d 3346, 337–38 (9th Cir. 1996). Here, plaintiff's complaint is completely incomprehensible. Even when construed in the light most favorable to the plaintiff, the fragmented sentences, symbols, and drawings do not come close to a cognizable legal theory nor do they represent facts alleged under a cognizable legal theory. Accordingly, the Court finds that plaintiff has failed to state a claim upon which relief can be granted.

## CONCLUSION

Because she is pro se, plaintiff must be given a chance to amend unless no type or degree of amendment would save her complaint. Here, the Court believes that no chance to amend need

3

1  be given. Plaintiff's allegations make clear that none of her proffered theories will cure the
2  jurisdictional defect. For that reason, the Court **GRANTS** defendant's motion to **DISMISS**
3  **WITHOUT LEAVE TO AMEND**. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 1, 2007.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　WILLIAM ALSUP
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

4

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EOWYN, CTS. DE LA VEGA,

    Plaintiff,

    v.

DEPARTMENT OF PUBLIC HEALTH and
DRUG ENFORCEMENT ADMINISTRATION,

    Defendants.

No. C 07-00062 WHA

**ORDER GRANTING
DEFENDANTS'
MOTION TO DISMISS**

Pro se plaintiff Eowyn, Cts. de la Vega, alleges that the Department of Public Health and the Drug Enforcement Administration have intimidated, harassed and sexually abused her, placed her under surveillance and, "plundered" her social security number, public health records and the birth certificates of her children resulting in her "atomic breakage."[1] This order **DISMISSES** this case.

Plaintiff filed the complaint in the California Superior Court Small Claims Division of San Francisco on November 16, 2006. Plaintiff's complaint consists of a California small-claims form and a handwritten declaration. Where asked on the small-claims form why the defendants owe her money, plaintiff alleged the following:

> DPH-SF CA, and DEA-SF CA have seriously violated [symbol] atomic COURTESY, SENSITIVITY, Advise and Consent against me, jactos.org. ie. sexual abuses HARM, INTIMIDATION.

---

[1] Plaintiff stated in her complaint that she was the great-granddaughter of Diego de la Vega (Zorro) and the niece of Greta Garbo von Gustafson. In her opposition, plaintiff stated that she was the granddaughter of Edward VIII. Given the familial allegations, "Cts." is likely the abbreviation for "Countess."

1  (Compl. at 3). In her declaration plaintiff alleged:

2  ... my atomic SENSITIVITY [boxed] is violated by processes
3  HARM-STUDIO-DISPLACE [each word boxed] as known, my
   Social Security # has been plundered by these (2) entities, known:
4  defendants. These violations of SENSITIVE [boxed] Advise and
   Consent consist of atomic PLUNDER [boxed], known: my public
   health records and birth certificates of my children; and EO
5  warrants 51,5250...

6  Despite an allegation of improper service under Federal Rule of Civil Procedure 4(i)(2)(B), the

7  DEA removed the case on January 4, 2007. On January 12, 2007, the DEA appeared specially

8  to move for dismissal with prejudice based on lack of subject-matter jurisdiction under FRCP

9  12(b)(1) and for failure to state a claim under FRCP 12(b)(6). On February 22, 2007, the Court

10 called the case twice but plaintiff failed to appear to oral argument.

11         Pursuant to FRCP 12(b)(1), dismissal is appropriate when the Court lacks subject-matter

12 jurisdiction. The Court is presumed to lack subject-matter jurisdiction unless the contrary is

13 affirmatively demonstrated. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

14 (1994). Read in plaintiff's favor, the complaint appears to allege various tort claims against the

15 DEA and DPH. "Federal agencies cannot be sued *eo nomine* unless so authorized by Congress

16 in explicit language." *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1188 (9th Cir.

17 1998) (internal quotations omitted). Tort claims against the United States only arise under the

18 Federal Torts Claims Act, which provides a statutory waiver of sovereign immunity. 28 U.S.C.

19 1346(b). Federal agencies are not proper defendants under the FTCA; actions should be filed

20 against the United States. 28 U.S.C. 1346(b), 2679(a). Although the judicial policy of treating

21 pro se litigants leniently suggests allowing leave to amend, even the substitution of the

22 United States as a defendant, would not cure the jurisdictional defects.

23         "The timely filing of an administrative claim is a jurisdictional prerequisite to the

24 bringing of a suit under the FTCA and, as such, should be affirmatively alleged in the

25 complaint." *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) (internal citations omitted).

26 Section 2675(a) of the FTCA mandates that a claimant file a claim with the appropriate agency

27 before a claimant may file a civil action. The written claim must be presented to the agency

28 within the two year statute of limitations. 28 U.S.C. 2401(b).

2

1    In response to a small-claims form question inquiring if plaintiff asked the defendants to
2 pay her before filing suit, she checked the box indicating "yes" and wrote "I have continuously
3 notified both these entities BO KLEID of SP [circled] atomic SENSITIVITY to no avail."
4 Plaintiff checked the box indicating that she was suing a public entity and entered "BO KLEID
5 SP [circled] 5/16/06 UNITED NATIONS [written above date]" in response to the request for
6 the date the written claim was filed with the entity. Failure to exhaust administrative remedies
7 prior to filing a civil action results in a lack of subject-matter jurisdiction by the district court.
8 *See Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 743 (9th Cir. 1991). Since
9 plaintiff does not allege filing a written claim with the DEA, she apparently has not met the
10 exhaustion requirement. Plaintiff filed the instant action on November 16, 2006, thus her
11 claims may also be time barred. Plaintiff alleges the events as ongoing since September 11,
12 2001. Given the two-year statute of limitations for filing a tort claim with the proper federal
13 agency, any claim accruing prior to November 16, 2004, is barred. Because plaintiff has failed
14 to exhaust her administrative claims, the Court lacks subject-matter jurisdiction.

**CONCLUSION**

Because she is pro se, plaintiff must be given a chance to amend unless no type or degree of amendment would save her complaint. Here, the Court believes that no chance to amend need be given. Plaintiff's allegations make clear that none of her proffered theories will cure the jurisdictional defect. For that reason, the Court **GRANTS** the DEA's motion to **DISMISS PLAINTIFF'S FEDERAL CLAIMS WITHOUT LEAVE TO AMEND.**.

Since the Court lacks subject-matter jurisdiction, it is unnecessary to address the Rule 12(b)(6) motion. Pursuant to 28 U.S.C. 1367(c), the Court declines to exercise supplemental jurisdiction over the state law causes of action alleged against DPH, thus the Court **DISMISSES THE STATE CLAIMS WITHOUT LEAVE TO AMEND.** Accordingly, the Clerk shall close the file.

IT IS SO ORDERED.

Dated: February 22, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3