United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EOWYN CTS VBB DE LA VEGA,<br><br>    Plaintiff,<br><br>  v.<br><br>OFFICE OF THE PRESIDENCY OF THE UNITED STATES OF AMERICA<br><br>    Defendant.<br>_____ / | No. C 07-05735 WHA<br><br>**ORDER DISMISSING ACTION** |

      Pro se plaintiff Eowyn, Cts. VBB de La Vega seeks one billion dollars in damages from the Office of the Presidency of the United States of America. This order **DISMISSES** this action for failure to state a claim upon which relief can be granted.

      On September 11, 2007, plaintiff filed a complaint in the San Francisco Superior Court. On November 2, 2007, the United States Attorney's Office learned about the lawsuit when researching plaintiff's other lawsuit, *Eowyn Cts. De la Vega v. Bureau of Diplomatic Security*, Case No. CGC 07-464542 on the San Francisco Superior Court website. The USAO was not properly served under FRCP 4. Copies of the summons and complaint were obtained from the Superior Court and they constitute the only process, pleading or order. This action has been removed to district court pursuant to 28 U.S.C. 1441 because plaintiff appears to allege a tort claim against the federal government. *See* 28 U.S.C. 1331; 28 U.S.C. 1346, 2671 *et seq*.

      The complaint is completely incomprehensible, sometimes lapsing into scrawls and symbols. Where the complaint states "[t]his court is the proper court because," plaintiff

checked the following boxes: "injury to person or damage to personal property occurred in its jurisdictional area," and "other (specify)." She wrote, "a BREAK. STUDIO — TORTURE — SP [circled] — RTA[circled]eric Borden E [circled]— c [circled] Viol. THE HOURS. HVBB a KIDNAP. Crown Victoria. Homelessness, POGROM. 20 yr. Divorce — custody filed on my birthday . . . . DISCOVERY [unintelligible] MASSIVE ABUSES OF WRITS OF HABEAS CORPUS — RAPE, ASSAULT BATTERY esp. by security forces, elected officials USA" (Notice of Rem. Exh. A at 4).

In the declaration attached to the complaint, plaintiff wrote, "To draw your own conclusions, is your expertise; not your right. This brief is herein: COMPLAINT to DEFECTION, to which the Offices of the PRESIDENCY, America . . . is named, as COORESPONDENT [sic] . . . These offices i.e., since 1955 . . . IKE —> Win. Jefferson Clinton —> Geo. W. Bush, (Richard Nixon, Ronald Reagan, Jimmy Carter) et al . . . due atrociously RENT.CLOAK.ADOPT.CA.1955, MASS. 1951, von.gustafson — BLACK; of plaintiff, an a PRODIGY" and so on and so forth (*id.* at 6).

Dismissal is proper under FRCP 12(b)(6) where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In resolving a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1995). Here, plaintiff's complaint is completely incomprehensible. Even when construed in the light most favorable to her, the fragmented sentences and symbols do not come close to a cognizable legal theory, nor do they represent facts alleged under a cognizable legal theory.

Accordingly this order finds that plaintiff has failed to state a claim upon which relief can be granted. This order also finds that no chance to amend need be given. Plaintiff's allegations make clear that none of her proffered theories will cure the jurisdictional defect. For

2

**United States District Court**
For the Northern District of California

1  that reason, this order **DISMISSES** the complaint **WITHOUT LEAVE TO AMEND**.  The Clerk shall
2  close the file.

   **IT IS SO ORDERED.**

6  Dated: November 30, 2007.

   WILLIAM ALSUP
   UNITED STATES DISTRICT JUDGE